# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

_____

LEINANI DESLANDES,

      Plaintiff,

v.                                CASE NO.: 6:17-cv-1393-Orl-41TBS

BAM-B ENTERPRISES OF CENTRAL
FLORIDA, INC., ROBERT ALLEGROE,
ERIC VIDLER and DONNA MILLER,

      Defendants.

_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between LEINANI DESLANDES ("DESLANDES") and BAM-B ENTERPRISES OF CENTRAL FLORIDA, INC., ROBERT ALLEGROE, ERIC VIDLER and DONNA MILLER ("DEFENDANTS").

WHEREAS, DESLANDES filed the above action against DEFENDANTS seeking unpaid wages arising out of her former employment with BAM-B ENTERPRISES OF CENTRAL FLORIDA, INC.;

WHEREAS, DEFENDANTS deny liability and any wrongdoing with respect to DESLANDES; and

WHEREAS, DESLANDES and DEFENDANTS wish to resolve their disputes, avoid litigation, and settle and resolve all claims and controversies between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matters are hereby resolved as follows:

1.      **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by reference.

1

2.     **RELEASE OF CLAIMS**.

a.     This Agreement shall constitute a waiver and release of all claims DESLANDES might have under federal, state, or local law (including, but not limited to, actions for compensatory damages, pain, suffering, emotional distress, punitive damages, economic damages and benefits) against the **Releasees** (as defined in paragraph 2.c. below).  Nothing in this Agreement precludes DESLANDES from continuing to pursue her claims against McDonald's USA LLC and McDonald's Corporation in the putative class action pending in the U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:17-cv-04587, filed on June 28, 2017.

b.     DESLANDES affirms she has not filed any civil actions or other claims or proceedings against DEFENDANTS, except Case No. 6:17-cv-1393 pending in the United States District Court in and for the Middle District of Florida, Orlando Division and EEOC Charge 511-2017-01478 filed with the Equal Employment Opportunity Commission.  If any other such claims exist, DESLANDES shall withdraw and request the voluntary dismissal with prejudice of any and all actions, claims, charges, complaints, cases, lawsuits or proceedings that she has filed against DEFENDANTS in any forum, whether judicial, administrative or otherwise.  For such purpose, DESLANDES shall submit whatever paperwork is necessary to withdraw and obtain the dismissal with prejudice of any such claims.

c.     DESLANDES hereby knowingly and voluntarily releases and forever discharges ROBERT ALLEGROE, ERIC VIDLER, DONNA MILLER, and BAM-B ENTERPRISES OF CENTRAL FLORIDA, INC., together with its owners, principals, parents, predecessors, successors, assigns, subsidiaries, and insurers, and their directors, officers, shareholders, members, employees, managers, agents, and attorneys, both in their capacity as such and in their individual capacity (collectively "**Releasees**"), of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which DESLANDES has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with DESLANDES's employment or termination of employment with Defendant BAM-B ENTERPRISES OF CENTRAL FLORIDA, INC.  Such claims include, but are not limited to, any claim that has been, could have been, or could be alleged against Releasees under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;

- The Occupational Safety and Health Act, as amended (OSHA), including, but not limited to, its Employee Protections Provisions;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §448.101 et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. §112.3187 et seq.;
- Florida's Statutory Provision Regarding Retaliation /Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;
- Florida OSHA -  Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08; and any claim for payment of wages under Common Law or Florida Common Law;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- The Surface Transportation Assistance Act, 49 U.S.C. §31105;
- The Food Safety Modernization Act;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law;
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters; and
- Any other claim related to DESLANDES's employment with DEFENDANTS, or the termination of such employment.

d.      If any claim is not subject to release, to the extent permitted by law, DESLANDES waives any right to compensatory or monetary damages, and further waives the ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee is a party.

e.      Nothing in this Agreement precludes DESLANDES from continuing to pursue her claims against McDonald's USA LLC and McDonald's Corporation in the putative class action pending in the U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:17-cv-04587, filed on June 28, 2017.

3

3.    **CONSIDERATION**

If (1) DESLANDES delivers to Defendants' counsel an executed original of this Agreement and IRS forms W4 and W9 executed by DESLANDES, and an IRS form W9 executed by DESLANDES's attorneys; and (2) the Court approves this settlement and enters an Order dismissing the above-referenced case with prejudice, then, in consideration of the matters set forth herein, DEFENDANTS shall pay to DESLANDES the total sum of **Forty-Eight Thousand Dollars and Zero Cents ($48,000.00)** (hereinafter, the "Settlement Sum"). Such Settlement Sum shall be allocated as follows and delivered to DESLANDES's attorney within twenty (20) business days after entry of the Court's Order approving this settlement:

- **$8,850.00** made payable to LEINANI DESLANDES, as and for alleged wages, which amount shall be subject to tax deductions and withholdings and for which an IRS Form W-2 shall issue to LEINANI DESLANDES;
- **$8,850.00** made payable to LEINANI DESLANDES, as and for alleged liquidated damages, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LEINANI DESLANDES;
- **$300.00** made payable to LEINANI DESLANDES, as and for the release of claims contained in Paragraph 2, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LEINANI DESLANDES; and
- **$30,0000.00**, made payable to MCCUNE WRIGHT AREVALO, LLP as attorneys' fees and costs for which an IRS Form 1099 shall issue to MCCUNE WRIGHT AREVALO, LLP.

DESLANDES understands and acknowledges that she would not receive the payments specified in this Paragraph, except for her execution of this Agreement, including the Release contained herein, and her fulfillment of the promises contained herein.

b.    DEFENDANTS make no representation as to the taxability of the amounts to be paid to DESLANDES. DESLANDES agrees to pay federal or state taxes, if any, which are required by law to be paid by her with respect to this settlement. Moreover, DESLANDES agrees to indemnify DEFENDANTS and hold them harmless from any interest, taxes or penalties assessed it by any governmental agency as a result of the non-payment of taxes required by law to be paid by DESLANDES, on any amounts paid to DESLANDES under the terms of this Agreement.

4.    The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, DESLANDES has declared that none of her claims involve any illness, injury, incident, or accident in which medical expenses were incurred.

5.    **AFFIRMATIONS**.

a.    DESLANDES affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Releasees in any forum or form, except the above referenced lawsuit and Charge of Discrimination.

b.      DESLANDES further affirms that as of the date of this Agreement, she has reported all hours worked and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement. DESLANDES further affirms that she has no known unreported workplace injuries or occupational diseases and has been granted and/or has not been denied any leave to which she may have been entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws, and she has not been retaliated against for taking or requesting any such leave.

c.      The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.  To the extent permitted by law, DESLANDES agrees that if such an administrative claim is made, DESLANDES shall not be entitled to recover any individual monetary relief or other individual remedies.

6.      **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by DEFENDANTS of any liability, unlawful conduct of any kind or violation of any of the laws identified in this Agreement.

7.      **OPPORTUNITY TO REVIEW**. DESLANDES acknowledges that she has had an opportunity to review this Agreement and, by executing this Agreement, she is giving up all claims she may have against Releasees.   However, nothing in this Agreement precludes DESLANDES from continuing to pursue her claims against McDonald's USA LLC and McDonald's Corporation in the putative class action pending in the U.S. District Court, Northern District of Illinois, Eastern Division, Case No. 1:17-cv-04587, filed on June 28, 2017. DESLANDES acknowledges that she has been advised to consult legal counsel and that, before executing this Agreement, DESLANDES has had the opportunity to seek advice from her attorney and acknowledges that she enters into this Agreement voluntarily.

8.      **SEVERABILITY.**   Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  However, if any portion of the general release language is ruled to be unenforceable for any reason, DESLANDES shall return the Settlement Sum paid hereunder by DEFENDANTS.

9.      **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event of any action arising hereunder, venue shall be proper in the Circuit Court of the 9th Judicial Circuit, in and for Orange County, Florida. DESLANDES hereby waives any objections to such venue based on lack of personal jurisdiction or the inconvenience, if any, of the forum. In the event that a party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable

attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

10. **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between DESLANDES and DEFENDANTS, and supersedes any and all prior oral or written agreements (including the *Settlement Agreement and General Release* executed by the parties on April 26, 2018), understandings, representations or warranties between the parties, except any valid non-compete, non-disclosure, confidentiality or other restrictive covenant agreements, which remain in full force and effect.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12. **COUNTERPARTS**: This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

DESLANDES ACKNOWLEDGES THAT SHE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HER IN CONNECTION WITH HER DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, DESLANDES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: 6/21/18

LEINANI DESLANDES

6

Dated: 6/22/18

BAM-B     ENTERPRISES     OF     CENTRAL
FLORIDA, INC.

By: _William J. Langman_____

Name: William J. Langman

Title: Controller

_Donna W Miller_____

**DONNA MILLER**

Dated: 6-22-2018

Dated: _____

_____

**ERIC VIDLER**

Dated: JUNE 22.18

_____

**ROBERT ALLEGROE**

Dated: _____

**BAM-B ENTERPRISES OF CENTRAL FLORIDA, INC.**

By: _____
        Name: _____
        Title: _____

Dated: _____

_____
**DONNA MILLER**

Dated: 6-21-18

_____
**ERIC VIDLER**

Dated: _____

_____
**ROBERT ALLEGROE**