```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
                ORLANDO DIVISION
```

LEINANI DESLANDES,

    Plaintiff,

v.                                    Case No: 6:17-cv-1393-Orl-41TBS

BAM-B ENTERPRISES OF CENTRAL
FLORIDA, INC., ROBERT ALLEGROE,
ERIC VIDLER and DONNA MILLER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement and Dismiss the Action with Prejudice (Doc 43). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff filed this putative collective action in state court alleging claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, and state law claims of quantum meruit and unjust enrichment, all arising out of an alleged failure to pay overtime compensation (Doc. 2). Plaintiff alleges that the corporate Defendant and the individual Management Defendants failed to pay her overtime wages in connection with work she performed as a manager at Defendants' McDonald's restaurant (Doc. 2). On July 28, 2017, Defendant removed the action to this Court (Doc. 1). Defendants filed an answer disputing Plaintiff's claims, and raised numerous affirmative defenses (Doc. 18).

In her answers to the Court's interrogatories, Plaintiff said she was unable to provide an accurate accounting of her claim, but referred to the payroll records (Doc. 21).

In Plaintiff's Amended Answers to Court Interrogatories (Doc. 23), she said she worked approximately ten hours of overtime each week at an overtime rate of $18.00 per hour (i.e., $180/week). The parties agree that, based on Plaintiff's December 2015 termination date and the date this action was initiated, the most Plaintiff could seek under the FLSA's statute of limitations was a total of 82 weeks of pay, or $14,760 in alleged unpaid overtime, plus the same amount in liquidated damages (Doc. 43 at pp. 2-3).

The parties exchanged information and, on April 26, 2018, participated in a settlement conference before the Honorable Gregory J. Kelly (Doc. 35). The parties represent that they reached an agreement to settle Plaintiff's claim for alleged wages for a specific amount to be paid to Plaintiff, but did not reach agreement on the amount of Plaintiff's attorneys' fees and costs to be paid by Defendants. The parties engaged in further discussions and I directed the filing of a status report, advising them that the claim must be completely settled or the parties must file a completed Case Management Report, so that the case can be scheduled for trial (Doc. 36). The parties have now reached an agreement to completely settle all of Plaintiff's claims, including Plaintiff's claim for attorneys' fees and costs, and present their agreement for review and approval (Doc. 43-1).

## II. Discussion

<u>Legal Standard</u>

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in

original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the

- 3 -

action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Analysis

The parties settled Plaintiff's claim, with the exception of attorney's fees and costs, at a magistrate settlement conference where they were represented by counsel of their choosing. This is a good indication that there was no fraud or collusion in the negotiation of the amount to be paid to Plaintiff.

The parties' Settlement Agreement and General Release (Doc. 43-1) provides that Plaintiff will receive a total of $48,000.00, consisting of $8,850.00 as alleged overtime

wages, plus $8,850.00 as liquidated damages, and $30,000.00 in attorneys' fees and costs. Plaintiff will also receive $300.00 as consideration for the general release of claims contained in the Settlement Agreement.

With respect to the compensation for unpaid overtime and liquidated damages, the parties represent that this is a fair and reasonable compromise of the wage claims given the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including difficulties with respect to proof of the number of hours Plaintiff worked, whether Plaintiff could recover liquidated damages, and whether a two or three year statute of limitations would apply. See Doc. 43 at 4. In view of the strong presumption in favor of finding a settlement to be fair, and lacking any reason to suspect overreaching or other improper purpose, I see no reason to disagree with counsel.

The parties separately negotiated and have reached a compromise to resolve all of Plaintiff's claims for attorneys' fees and costs in this case for $30,000.00. Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). The parties represent that the amount of Plaintiff's counsel's fees was determined separately and apart from Plaintiff's recovery. This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla.

2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

The Agreement includes a general release (Doc. 43-1, Provision 2). As Judge Dalton has observed:

> Ordinarily, a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" is not permitted under the FLSA, as it potentially confers an "undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee." Moreno v. Regions Bank, 729 F.Supp.2d 1346, 1351 (M.D.Fla.2010). However, if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible. See, e.g., Caamal v. Shelter Mortg. Co., 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept.26, 2013) (collecting cases).

Weldon v. Backwoods Steakhouse, Inc., No. 6:14-CV-79-ORL-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014).

Plaintiff filed a charge of discrimination against Defendant BAM-B with the Equal Employment Opportunity Commission (EEOC), alleging disability discrimination and retaliation, and that charge is still pending (Doc. 43 at 4). The parties desired to "resolve all claims and controversies between them," including this charge. To accomplish this, the parties included a general release in the Agreement. Because case law in this district disfavors such a clause, this would normally result in rejection of the settlement. Here however, the general release is supported by separate consideration which is not de minimis ($300); Plaintiff was represented by counsel; and the parties state that this consideration was negotiated separately from the FLSA claim, and Plaintiff was not deprived of any alleged wages as a result. The parties contend that under these particular circumstances, this provision does not detract from the fairness or reasonableness of the

settlement. On review, I agree. See Finney v. Condee Cooling & Elec., Inc., No. 2:17-CV-480-FTM-38CM, 2018 WL 1515165, at *2 (M.D. Fla. Mar. 7, 2018), report and recommendation adopted, No. 2:17-CV-480-FTM-38CM, 2018 WL 1493222 (M.D. Fla. Mar. 27, 2018) ("courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA" - finding $300 to be sufficient independent consideration for a general release).

Now, I respectfully recommend that the settlement agreement be approved.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The motion be **GRANTED**, and the parties' settlement agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

(2) This action be dismissed with prejudice; and

(3) The Clerk be directed to close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties have no objection to this Report and Recommendation they may expedite the approval process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 28, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record