UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEINANI DESLANDES,**

   **Plaintiff,**

**v.**               Case No: 6:17-cv-1393-Orl-41TBS

**BAM-B ENTERPRISES OF CENTRAL**
**FLORIDA, INC., ROBERT**
**ALLEGROE, ERIC VIDLER and**
**DONNA MILLER,**

   **Defendants.**
_____/

## ORDER

  THIS CAUSE is before the Court on the Joint Motion for Approval of FLSA Settlement (Doc. 43). United States Magistrate Thomas B. Smith issued a Report and Recommendation (Doc. 44), recommending that the motion be granted.

  After an independent *de novo* review of the record, and noting the Joint Notice of No Objection to Report and Recommendation (Doc. 45), this Court agrees with the analysis in the Report and Recommendation. However, the Court clarifies that because there is consideration for the general release, which is separate from that being given in exchange for the settlement of Plaintiff's FLSA claims, (Settlement Agreement, Doc. 43-1, ¶ 3), the Court expresses no opinion as to the enforceability of those provisions. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (requiring courts to determine whether a settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA provisions*." (emphasis added)); *Shearer v. Estep Constr., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015) ("[T]he release of non-FLSA claims is generally not subject to judicial scrutiny.").

Additionally, to the extent that the Settlement Agreement purports to allow the parties to modify the Agreement without Court approval, (*see* Doc. 43-1 ¶ 11), that language will be stricken, (*see id.* ¶ 8 (severability provision)). Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreement are unenforceable absent judicial approval.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 44) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The Joint Motion for Approval of FLSA Settlement (Doc. 43) is **GRANTED**.
3. To the extent that the Settlement Agreement purports to allow the parties to modify the Agreement, (*see* Doc. 43-1 ¶ 11), that language is **STRICKEN**.
4. Except as set forth above, the Settlement Agreement (Doc. 43-1) is **APPROVED**.
5. This case is **DISMISSED with prejudice**.
6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2018.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record